UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAN WEESE,

               Plaintiff,

v.

VAN BUREN COUNTY
COMMUNITY MENTAL HEALTH
STEPS PROGRAM,

               Defendant.
_____/

DAN WEESE,

               Plaintiff,

v.

VAN BUREN COUNTY
SHERIFF'S DEPARTMENT,

               Defendant.
_____/

Case No. 1:07-CV-780

Hon. Richard Alan Enslen

Case No. 1:07-CV-784

Hon. Richard Alan Enslen

**JUDGMENT OF DISMISSAL**

      Plaintiff Dan Weese, acting *pro se*, has filed two brief Complaints (which have been deemed related) pertaining to his treatment at the Van Buren County Jail prior to his release from the Jail. Both Complaints have been filed *in forma pauperis* so as to be subject to review pursuant to 28 U.S.C. § 1915(e)(2). Said statute requires the District Court to dismiss any action which is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Dismissal under the statute is mandatory such that a plaintiff filing *in forma pauperis* may not amend

the complaint to avoid the statutorily-mandated dismissal.  *Id.* at 612; *Benson v. O'Brian*, 179 F.3d

1014, 1016 (6th Cir. 1999); *Baxter v. Rose,* 305 F.3d 486, 488-89 (6th Cir. 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989).  Likewise, dismissal for failure to state a claim is appropriate

when, viewing all facts and inferences in a light most favorable to the plaintiff, "it appears beyond

a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to

relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).  The district court may not accept bare

legal conclusions and unwarranted factual inferences as true.  *Gregory v. Shelby County,* 220 F.3d

433, 446 (6th Cir.2000).   To state a valid claim, a complaint must contain direct or inferential

allegations respecting all the material elements under some viable legal theory.  *Mezibov v. Allen,*

411 F.3d 712, 716 (6th Cir. 2005).  It is the "plaintiff's obligation to provide the grounds of his

entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (U.S. 2007).

Though a complaint need not contain detailed factual allegations, its "allegations must be enough

to raise a right to relief above the speculative level . . . ." *Id.*

Plaintiff's Complaint in case no. 1:07-cv-780 alleged only that the Van Buren County

Community Mental Health Steps Program violated federal law by delayed scheduling of a mental

health appointment, by "Dr. Garza ordering medications without seeing me," and by denying

unspecified accommodations under the Americans with Disabilities Act (*see* 42 U.S.C. § 12132).[1]

None of the allegations permit an inference that Plaintiff had a "disability" within the meaning of

42 U.S.C. § 12102, nor that he was excluded from the benefits of public services or discriminated

---

[1]The Amended Complaint likewise fails to state a claim and instead suggests that Plaintiff received regular mental health services at the Jail.

against by reason of such disability within the meaning of 42 U.S.C. § 12132.  *See Jones v. City of Monroe,* 341 F.3d 474, 477 (6th Cir. 2003).

Plaintiff's Complaint in case no. 1:07-cv-784 says that the "Van Buren County Sheriff Office" provided improper medical and mental health care for a person with mental illness and permitted his cell mates to steal his commissary orders.  This Complaint fails to name a recognized legal entity such as the county or sheriff.  *See Petty v. County of Franklin, Ohio, et al.,* 478 F.3d 341, 347 (6th Cir. 2007); *Vine v. County of Ingham,* 884 F. Supp. 1153, 1159 (W.D. Mich.1995).  Although it appears that Plaintiff is suing for an Eighth Amendment violation (the Complaint fails to specify any basis for recovery and the Amended Complaint references "cruel and unusual punishment"), the very vague allegations do not support an inference that Plaintiff had a serious medical/mental health illness, nor that he was intentionally denied treatment for the illness.  *See Farmer v. Brennan,* 511 U.S. 825, 829, 834 (1994); *Clark-Murphy v. Foreback,* 439 F.3d 280, 286 (6th Cir. 2006).  Similarly, the vague allegations about unknown prison officials ignoring theft by other inmates is insufficient to create liability under 42 U.S.C. § 1983 or the Fourteenth Amendment.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (dismissing similar claims).  Van Buren County is also not liable under § 1983 for acts of delinquent employees in the absence of some policy or custom adopting the conduct.  *See City of Canton v. Harris,* 489 U.S. 378, 388-89 (1989); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 508 (6th Cir. 1996).

**THEREFORE, IT IS HEREBY ORDERED** that Case No. 1:07-cv-780 and Case No. 1:07-cv-784 are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED in Kalamazoo, MI:
    January 2, 2008

       /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

3